**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

| | |
|---|---|
| NEKELIA COLEMAN, ON BEHALF OF HERSELF AND THOSE SIMILARLY SITUATED, | ) ) ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| TARGET CORPORATION, A FOREIGN CORPORATION, | ) CASE NO.: 6:12-cv-01315-RBD-GJK ) |
| | ) |
| Defendant. | ) |
| | ) |

## JOINT MOTION TO APPROVE SETTLEMENT AND MEMORANDUM OF LAW IN SUPPORT OF JOINT MOTION FOR APPROVAL OF SETTLEMENT

### I.     INTRODUCTION

Plaintiffs Nekelia Coleman and Ian Miles ("Plaintiffs") and Defendant Target Corporation ("Defendant" or "Target") jointly move the Court to enter an order approving the settlement entered into by the parties and dismissing this case with prejudice.  The parties have conducted arm's length negotiations after a period of extensive informal discovery and have concluded that this negotiated resolution is the most fair and reasonable use of the parties' resources.  The settlement is a compromise of highly disputed claims that provides an appropriate and just resolution for all parties to this case.

### II.     FACTUAL AND PROCEDURAL BACKGROUND

#### A.     Procedural History

On August 28, 2012, Plaintiff Nekelia Coleman filed her Complaint and Demand for Jury Trial ("Compl.") [Dkt. No. 1].  The Complaint sought back pay, liquidated damages, attorney's

fees and costs, and declaratory relief for Target's alleged violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201 *et seq.*   Specifically, Plaintiff Coleman claimed that her job duties as an Executive Team Leader – Asset Protection ("ETL-AP") for Target were inconsistent with her exempt classification, and that Target failed to pay her time and one-half her regular rate for hours worked in excess of forty hours per week.   On September 19, 2012, Target answered the Complaint, denying any violation of the FLSA.   *See* Defendant Target Corporation's Answer and Affirmative Defenses to Plaintiff Nekelia Coleman's Complaint and Demand for Jury Trial ("Answer") [Dkt. No. 9].   Plaintiff Ian Miles consented to join in the action on October 17, 2012, claiming that he is similarly situated to Plaintiff Coleman because he performed similar duties for Target as an ETL-AP, and did not receive any overtime compensation.   [Dkt. No. 16-1].   No other individuals have consented to join in the action.

> **B.**     **Both Plaintiffs Were Employed by Target for Only a Short Time During the Liability Period.**

The earliest possible statutory limitations period for Plaintiffs' FLSA claim begins on August 28. 2009.   29 U.S.C. § 255(a).   Plaintiff Coleman began working for Target as an ETL-AP on September 18, 2005, and was terminated on March 6, 2010 - only six months of her employment was during the liability period.   Similarly, Plaintiff Ian Miles began working for Target as an ETL-AP on July 4, 2010, and was terminated on July 26, 2011.   Both Coleman and Miles were terminated by Target for "gross misconduct," although Plaintiffs disagree that their actions justified termination.

> **C.**     **The Parties Conducted Informal Discovery.**

The parties conducted informal discovery regarding Plaintiffs' exempt status and overtime wages allegedly owed.   Plaintiffs, with the assistance of counsel, personally detailed the daily work experiences that they allege do not meet the exemption requirements.   Target

provided Plaintiffs with a wealth of information regarding Plaintiffs' job responsibilities,

including, but not limited to: corporate policy documents, guidelines, handbooks and job

descriptions regarding the ETL-AP position, Plaintiffs' performance evaluations (which

discussed numerous exempt tasks performed by Plaintiffs), internal human resources complaints

regarding discipline administered to hourly employees by Plaintiff Coleman and several other

documents specific to Coleman's termination.  Target also provided self-audit materials

completed by a sample of ETL-AP's in other jurisdictions and numerous declarations from ETL-

AP's from across the country that were collected in defense of prior litigation to provide

Plaintiffs with a broad view of the position and enable Plaintiffs to better evaluate the strength of

their claims.  Based on the information gathered during informal discovery and during the

parties' investigations, the parties disagree on the key question of whether the Plaintiffs were

improperly classified as exempt employees, and whether the Plaintiffs sustained—or the extent

to which they sustained—damages.

       Defendant Target is a large retail chain corporation that operates stores in forty-nine

states.  Each store has at least one ETL-AP on its management roster.  The ETL-AP in each store

is primarily responsible for limiting shrinkage and managing controls related to sizeable store

inventory.  To that end, the ETL-AP works with other members of store management to identify

and resolve concerns, prioritize operational opportunities, develop plans to reduce shortage risks,

and investigate and address safety and shortage-related incidents.  ETL-AP's also work with

local law enforcement to address theft or shoplifting issues.  ETL-APs participate in Target's

interviewing and hiring process for hourly employees, and supervise two or more non-exempt

subordinates who assist them with investigations, safety issues and other asset protection related

work.  The ETL-AP coaches and manages the performance of these subordinates and administers

discipline as necessary.  In addition, each ETL-AP must work at least two shifts per week in which he or she serves as the acting Store Leader during that shift.  In that capacity, the ETL-AP is responsible for the entire store and all of its operations and employees during those shifts.

Target believes that the ETL-AP position is properly classified as exempt from overtime, based upon its diligent efforts (vis-à-vis formal policies and periodic ETL-AP self-audits) to continually reevaluate the duties performed by ETL-APs and ensure that they qualify for as exempt.  Documentation provided by Target regarding Plaintiff Coleman's employment, for example, shows that Coleman spent a large percentage of her time leading her team in various areas and providing accountability through coaching and performance management.  For example, Coleman's yearly performance evaluations describe how she "interviewed and hired a new TPS", "assess[ed] and manag[ed] the performance of [her] team", "hired and trained a new TPS and APS team", and "[held] [her] team and partners accountable to policies."  In addition, several documented internal hotline calls reflect Coleman's participation in the termination of an hourly employee, and describe written reprimands issued by Coleman to other team members.

Plaintiffs' position is that their job duties do not meet the legal test for exemption from overtime, and that they are thus entitled to damages.  Plaintiffs contend that they had no authority to hire or fire other employees of Target, did not exercise discretion and independent judgment with respect to matters of significance to Target, were not able to deviate from Target policies and procedures in carrying out their duties, and thus were not properly classified as exempt employees under either the executive or administrative exemptions to the FLSA.

### D.    The Parties Have Reached a Mutually Agreeable Settlement.

Although liability and damages remain contested, the parties have reached a mutually agreeable settlement of Plaintiffs' claims, which provides for back pay, liquidated damages, and

attorneys' fees and costs.  The Settlement Agreement provides that Target will pay Plaintiff

Nekelia Coleman $3,750.00 in wages and $3,750.00 in liquidated damages.  Target will pay

Plaintiff Ian Miles $7,250.00 in wages and $7,250.00 in liquidated damages.  Target will further

pay Plaintiffs' attorneys, Morgan & Morgan, P.A., $22,000.00 in attorney's fees for Plaintiffs'

claims.  In exchange for these payments, Plaintiffs agree to release Target from the claims

brought in the Complaint and any other claims they may have against Target.   Copies of the

Settlement Agreements are attached as Exhibits A & B.

## III.    FINAL APPROVAL OF THE SETTLEMENT IS APPROPRIATE

Pursuant to the case law of this Circuit, judicial review and approval of this tentative

settlement is necessary to give it final and binding effect.  *Lynn's Food Stores, Inc. v. U.S. Dept.*

*of Labor*, 679 F.2d 1350, (11th Cir. 1982).  As the Eleventh Circuit held in *Lynn's*,

> [t]here are only two ways in which back wage claims arising under
> the FLSA can be settled or compromised by employees.  First,
> under section 216(c), the Secretary of Labor is authorized to
> supervise payment to employees of unpaid wages owed to them . .
> . . The only other route for compromise of FLSA claims is
> provided in the context of suits brought directly by employees
> against their employer under section 216(b) to recover back wages
> for FLSA violations. When employees bring a private action for
> back wages under the FLSA, and present to the district court a
> proposed settlement, the district court may enter a stipulated
> judgment after scrutinizing the settlement for fairness.

*Id.* at 1352-53.

Before approving an FLSA settlement, the court must scrutinize it to determine if it is "a

fair and reasonable resolution of a bona fide dispute."  *Id.* at 1354-55.  If the settlement reflects a

reasonable compromise over issues that are actually in dispute, the Court may approve the

settlement "in order to promote the policy of encouraging settlement of litigation."  *Id.* at 1354.

In determining whether a settlement is fair and reasonable to the plaintiffs, the Court should consider the following factors that are "internal" to the case:

> (1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of plaintiff's success on the merits; (5) the range of possible recovery; and (6) the opinions of the counsel.

*Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1241 (M.D. Fla. 2010).  The Court should also consider (i) whether the compromise resolves a bona fide dispute; (ii) whether a confidentiality provision is included; (iii) whether the plaintiffs prospectively waive their FLSA rights by virtue of signing the settlement agreement; and (iv) whether the compromise awards a reasonable fee to plaintiffs' counsel. *Id.* at 1242-43.

In addition, the Court should consider an assortment of "external" factors pertinent to the statutory purpose of the FLSA when determining whether to approve a proposed settlement.  *Id.* at 1243-44.  Such factors may include the presence of any extraordinary circumstances which compel a speedy resolution of the case, the presence of other employees similarly situated to the claimants, the likelihood that the claimants' circumstances will recur, any history of FLSA noncompliance by the same employer or others in the same industry or region, or the requirement for a mature record and a pointed determination of the governing factual or legal issue to further the development of the law either in general or in the industry or workplace.  *Id.*

In weighing these factors, there is a "strong presumption" in favor of finding a settlement fair. *Hamilton v. Frito-Lay, Inc.*, No. 6:05-cv-592-Orl-22JGG, 2007 U.S. Dist. LEXIS 10287, at *2-3 (M.D. Fla. Jan. 8, 2007); *see also Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977).

**A.     The Settlement is Fair and Reasonable to the Plaintiffs.**

1.      *There is No Evidence of Collusion, and All Counsel for the Parties Opine that the Settlement Terms are Fair and Reasonable to their Respective Clients.*

Courts have found no fraud or collusion where both parties were represented by counsel and the amount to be paid to plaintiffs seemed fair.  *See Helms v. Central Fla. Reg. Hosp.*, No. 6:05-cv-383-Orl-22JGG, 2006 U.S. Dist. LEXIS 92994, at *11-12, (M.D. Fla. Dec. 21, 2006). Here, each party was independently represented by counsel.  Plaintiffs are represented by Morgan & Morgan, P.A. and Defendant is represented by Paul Hastings LLP and Jackson Lewis LLP.  The attorneys for both parties have extensive experience in litigating claims under the Fair Labor Standards Act, including the litigation of multi-plaintiff suits.  Each attorney was obligated to and did vigorously represent their clients' rights, and counsel for both parties agree that the terms of this settlement are fair and reasonable to their respective clients.  Based on the amount to be paid to Plaintiffs, in total $22,000.00, it should be clear that there was no fraud or collusion.

2.      *The Complexity, Expense, and Probable Length of Litigation Favors Settlement.*

The complexity, expense, and length of future litigation also militate in favor of this settlement.  Plaintiffs and Target continue to disagree over the merits of the claim asserted by Plaintiffs.  If this case was litigated further, Target would bear the burden of proving that Plaintiffs were properly classified as exempt employees under the Fair Labor Standards Act.  *See Friedman v. South Fla. Psych. Assoc.*, 139 Fed. Appx. 183, 185 (11th Cir. 2005).  Plaintiffs, in turn, would have to prove that they performed work for which they were not properly compensated.  *See Reyna v. Conagra Foods, Inc.*, No. 3:04-cv-39, 2006 U.S. Dist. LEXIS 89690, at *10 (M.D. Ga. 2006)(*citing Anderson v. Mt. Clemens Pottery Co.*, 382 U.S. 680, 687 (1946)).  Both parties would be forced to engage in complex, costly, and protracted litigation in

order to meet these burdens. This settlement, therefore, is a reasonable means for both parties to minimize future risks and litigation costs.

> 3. *The Informal Discovery Conducted by the Parties Enabled them to Make a Reasonably Informed Settlement Decision.*

There has been sufficient investigation and discovery to allow counsel and the Court to act intelligently in this matter. The parties agreed to exchange informal discovery, including documents, data, and oral presentations regarding the claims and defenses. Target provided Plaintiffs and their counsel with hundreds of pages of documents and other information regarding Plaintiffs' dates of employment, pay, job duties and responsibilities. In agreeing upon the proposed settlement amount, the parties had sufficient information and conducted an adequate investigation to allow them to make an educated and informed analysis and conclusion.

> 4. *The Uncertainty of Plaintiffs' Likelihood of Success on the Merits and the Range of Possible Recovery Also Favor Settlement.*

Plaintiffs' probability of success on the merits is also uncertain, further suggesting that this settlement is fair and appropriate. Plaintiffs assert that they are owed back overtime wages due to Target's alleged violation of the FLSA. In its Answer, Target contests these allegations and raises several affirmative defenses, including the defense that Plaintiffs were covered by the administrative and executive exemptions. Even at this early stage in the case, there is substantial documentary evidence suggesting that Plaintiffs performed a wide range of exempt duties, including interviewing, hiring, managing subordinate performance, and disciplining subordinates. Additional company documents, such as policies, job descriptions, guidelines, handbooks, and ETL-AP self-audit materials further bolster Target's claims that the ETL-AP position is properly classified as exempt. The range of possible recovery by Plaintiffs is also open to dispute. Even if Plaintiffs were to succeed on the merits of their claims, the amount of

any recovery is uncertain.  By Plaintiffs' most generous calculations, they would be entitled to $29,807.78 in back pay.  This settlement represents approximately 75% of that amount[1] and it is obtained without the time and litigation costs that such a recovery would obtain.

     5.     *The Parties Agree That the Proposed Fees to Plaintiffs' Counsel Are Reasonable.*

Another element the Court should evaluate in determining fairness of the settlement is the reasonableness of the proposed attorneys' fees.  *See Helms v. Central Fla. Reg. Hosp.*, No. 6:05-cv-383-Orl-22JGG, 2006 U.S. Dist. LEXIS 92994, at *6-7, (M.D. Fla. Dec. 21, 2006); *Strong v. BellSouth Telecomms., Inc.*, 137 F.3d 844, 849-50 (5th Cir. 1998).  Courts have held, however, that it is unnecessary to inquire into the reasonableness of the hourly rate charged by plaintiff's counsel where both parties stipulate as to the reasonableness of the attorney's fees.  *See Helms*, 2006 U.S. Dist. LEXIS 92994, at *12; *see also Dees*, 706 F. Supp. 2d at 1243. As Honorable Judge Presnell explained in *Bonetti v. Embarq Management Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009), where, as in the instant case, a "plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel." Accordingly, here, both parties agree that the fees and costs to be paid Plaintiffs' counsel are reasonable due to the volume of discovery exchanged between the Parties and were negotiated separately from the amounts paid to Plaintiffs.   Therefore, both parties request that this Court find the proposed attorneys' fees reasonable.

---

[1] Plaintiff Coleman estimates she worked 55-60 hours per week, which if she prevailed at trial would equate to $7,080.50 - $8,653.86 in damages.  Plaintiff Miles estimates he worked 50-60

6.   *Additional "Internal" Factors Weigh in Favor of Settlement.*

The additional "internal" factors analyzed by courts in this district when evaluating the reasonableness of a proposed compromise weigh in favor of settlement here.  The parties' proposed settlement undoubtedly resolves a bona fide dispute: the question of whether Plaintiffs are properly classified as exempt from the FLSA, and (if not), the computation of hours worked by each Plaintiff in excess of forty each work week.2  *See* Section II(B), *supra*.  There is no confidentiality provision included as part of the settlement, which eliminates any concern that the settlement may contravene the purposes of the FLSA.  *Dees*, 706 F. Supp. 2d at 1242-43. Plaintiffs do not prospectively waive their FLSA rights by virtue of the settlement, and, as explained in Section III(A)(5),  *supra*, the fee awarded to Plaintiffs' counsel is reasonable.

**B.     External Factors Also Weigh in Favor of Settlement.**

The proposed settlement does not frustrate the intent of the FLSA; instead, it furthers the legitimate public interest in the speedy and efficient resolution of litigation.  *See Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977) ("[T]here is an overriding public interest in favor of settlement.")  Target has previously successfully defended other cases, including putative class or collective actions, that have challenged the exempt status of the ETL-AP position and in doing so has gathered substantial evidence that, in its view, demonstrates that the positions are exempt. Having faced prior litigation, Target has been very vigilant regarding the duties of ETL-AP's and other managers to ensure that they can be adequately defended.  Target has—and will continue— to make diligent efforts to periodically assess and reevaluate the duties performed by ETL-APs across the company and ensure that it is in full compliance with all federal and state wage and hour laws, including the FLSA.  Moreover, Target maintains strict wage and hour policies that

---

hours which if he prevailed at trial would equate to $12,692.35 - $21,153.92 in damages.

are designed to ensure FLSA compliance.

There is nothing unusual about this particular case—an exempt status case in the retail store setting—that presents a unique question of law or fact essential to further the development of the law in the area; to the contrary, misclassification cases are run-of-the-mill in the retail industry, and are routinely litigated and settled.  Because there are no extraordinary external circumstances surrounding this case which would militate against settlement, the Court should accept the parties' proposed resolution.

## IV.    CONCLUSION

The Settlement terms are fair, reasonable, and adequate.  Accordingly, the parties respectfully request that the Court grant this Joint Motion for Approval of the Settlement and dismiss this case with prejudice.

Respectfully Submitted,

| /s/ C. RYAN MORGAN | /s/ STEPHANIE L. ADLER |
|---|---|
| C. Ryan Morgan, Esq. | Stephanie L. Adler, Esq. |
| Florida Bar No.: 0015527 | Florida Bar No.: 0523283 |
| MORGAN & MORGAN, P.A. | JACKSON LEWIS, LLP |
| 20 N. Orange Ave., 4th Floor | 390 North Orange Avenue |
| P.O. Box 4979 | Suite 1285 |
| Orlando, FL 32802-4979 | Orlando, FL  32801 |
| Phone:  (407) 420-1414 | Phone: (407) 246-8440 |
| Fax: (407) 420-5956 | Fax: (407) 246-8441 |
| Email: rmorgan@forthepeople.com | E-mail: adlers@jacksonlewis.com |
| ***Attorneys for Plaintiff*** | |
| | JEFFREY D. WOHL |
| | (California State Bar No. 96838) |
| | PAUL HASTINGS LLP |
| | 55 Second Street, 24th Floor |
| | San Francisco, California  94105 |
| | Telephone:  (415) 856-7000 |

2 Target also disputes that Plaintiffs worked the number of hours they claimed.

|  | Facsimile:  (415) 856-7100 |
|  | jeffwohl@paulhastings.com |
|  | |
|  | WILLIAM C. BARKER |
|  | (Georgia State Bar No. 037727) |
|  | MARGARET J. KOCHUBA |
|  | (Georgia State Bar No. 940359) |
|  | PAUL HASTINGS LLP |
|  | 1170 Peachtree Street, N.E., Ste. 100 |
|  | Atlanta, Georgia  30309 |
|  | Telephone:  (404) 815-2400 |
|  | Facsimile:  (404) 815-2424 |
|  | corybarker@paulhastings.com |
|  | megkochuba@paulhastings.com |
|  | |
|  | ***Attorneys for Defendant*** |