# SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement") is made and entered into by and between Nekelia Coleman ("Coleman") and Target Corporation (the "Company") to settle as fully as possible all known and unknown claims.

WHEREAS, Coleman is a former employee of the Company;

WHEREAS, Coleman commenced an action against the Company, *Nekelia Coleman v. Target Corporation*, Case No. 6:12CV1315-ORL-37GJK, in the United States District Court for the Middle District of Florida in August 2012 (the "Lawsuit"), alleging that the Company misclassified her as exempt from overtime under the federal Fair Labor Standards Act ("FLSA");

WHEREAS, the parties, in order to avoid the burden, uncertainty, delay and expenses of further litigation, have reached a mutually agreeable resolution of any and all of Coleman' claims asserted in the action;

NOW, THEREFORE, and in consideration of the mutual covenants and promises herein contained in this Agreement, the parties hereby agree as follows:

**(a)     Consideration:** Within 14 days after the Agreement has become effective pursuant to all of its terms (including Paragraphs (j) and (k)), the Company will pay a total of $15,000.00 (the "Settlement Payment"), less applicable taxes and withholdings, as consideration for this Agreement. The Settlement Payment will be allocated as follows:

(i)     The Company will pay $7,500.00 to Morgan & Morgan, P.A. as attorneys' fees and costs.  The Company will report this amount on IRS Form 1099 and its state and local equivalents.

(ii)     The Company will pay Coleman $3,750.00 in wages. The Company will report this amount on IRS Form W-2 and its state and local equivalents.

(iii)     The Company will pay Coleman $3,750.00 in liquidated damages. The Company will report this amount on IRS Form 1099 and its state and local equivalents.

(iv)     As a precondition to receipt of the Settlement Payment, Coleman and her counsel agree to execute W-9 forms and any other documentation necessary to process payment.

*Initial*
Coleman 
Company ___

**(b)**     **Release:**  In exchange for the terms of this Agreement, Coleman releases (*i.e.*, gives up) all known and unknown claims she may have against the Company, its current and former, direct and indirect owners, parents, subsidiaries, and all other affiliates and related entities, and their current and former partners, employees, agents, and other related parties ("Released Parties") arising from or related to allegations of having not been paid all wages owed in accordance with state or federal law and any other wage-and-hour or related claims that were or could have been alleged in the Lawsuit or that derive from the same factual predicate, to the fullest extent permitted by law, including, but not limited to, all claims of allegedly unpaid wages, including overtime wages; alleged meal and rest period violations; alleged failure to pay all wages due upon termination; alleged breach of contract or unjust enrichment; any and all related penalties; interest; liquidated damages; and attorneys' fees, costs and expenses.

(i)     **Representations:**  The parties hereto represent and acknowledge that, in executing this Agreement, they have not relied upon any representations that are not in this Agreement.  The Company would not have agreed to pay the consideration Coleman is receiving in exchange for this Agreement but for the representations and promises Coleman is making by signing it.  Coleman has properly reported all hours that she has worked and has been paid all wages, overtime, commissions, compensation, benefits, and other amounts that the Company or any Released Party should have paid her in the past.

**(c)**     **Reemployment:**  Coleman agrees not to seek re-employment with the Company or any Released Party.  If any prospective employer of Coleman seeks information regarding Coleman's employment with the Company, they will be referred to the Work Number at (800) 996-7566 or www.theworknumber.com.  The Work Number shall only provide Coleman's name and dates of employment with the Company.

**(d)**     **No Wrongdoing:**  This Agreement is not an admission of wrongdoing by the Company or any other Released Party; neither it nor any drafts shall be admissible evidence of wrongdoing.

**(e)**     **Unknown Claims:**  Coleman represents that she is intentionally releasing claims that she does not know that she might have and that, with hindsight, she might regret having released.  Coleman has not assigned or given away any of the claims she is releasing.

**(f)**     **Effect of Void Provision:**  If the Company or Coleman successfully asserts that any provision in this Agreement is void, the rest of the Agreement shall remain valid and enforceable unless the other party to this Agreement elects to cancel it.

**Error! No document variable supplied.**

*Initial*
Coleman
Company _____

2

If this Agreement is cancelled, Coleman agrees to repay the consideration she received for signing it.

(g)     **Consideration of Agreement**: Coleman represents that she has carefully read this Agreement, and that she has been advised to consult with an attorney before signing this Agreement and has done so. Coleman further represents that she fully understands the terms of the Agreement; that she is entering into it knowingly and voluntarily; and that all of her representations in it are true.

(h)     **Court Approval of Settlement**: The parties agree to jointly seek approval of the terms of this settlement from the United States District Court for the Middle District of Florida, in which the Lawsuit is pending. Until that approval is granted or ordered, Coleman will not be entitled to receive any special payments or benefits under this Agreement, and the Agreement shall not go into effect.

(i)     **Dismissal of Pending Claims**: Coleman agrees to request the dismissal with prejudice of the Lawsuit, and any other pending lawsuit, complaint, charge, action, compliance review, investigation, or proceeding asserting any claim that she has released, within five days of this Agreement being approved by the United States District Court for the Middle District of Florida, as described above, and this Agreement becoming effective. Until that dismissal is accepted or ordered, Coleman will not be entitled to receive any special payments or benefits under this Agreement.

(j)     **Tax Indemnity**: Coleman agrees to indemnify the Company for all taxes, expenses, penalties, or interest charges it incurs in connection with the Settlement Payment including, but not limited to, amounts owed as a result of not paying payroll taxes on, or withholding taxes from, the Settlement Payment or otherwise. Coleman agrees not to make any claim against the Company or any other person based on how the Company reports amounts or withholds taxes from the Settlement Payment, or if an adverse determination is made as to the tax treatment of the Settlement Payment. Coleman agrees that the Company has no duty to defend her in any proceedings related to the tax treatment of the Settlement Payment. However, Coleman will not be required to indemnify the Company if the liability is caused solely by the Company.

(k)     **Applicable Law**: This agreement is governed by the laws of Florida, without regard to conflict of law principles, except to the extent preempted by Federal law.

(l)     **Complete Agreement**: This Agreement constitutes the entire agreement between the parties hereto and fully supersedes any and all agreements or understandings, written or oral, between the parties hereto pertaining to the subject matter hereof. Once

**Error! No document variable supplied.**

*Initial*
Coleman _____
Company _____

3

in effect, this Agreement is a legally admissible and binding agreement.  It shall not be construed strictly for or against Coleman, the Company, or any Released Party.

   **(m)   Amendments**:  This Agreement only may be amended by a written agreement signed by both parties.

   **(n)   Counterparts**: This Agreement may be executed in several counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument. Photocopies, PDFs, and facsimile copies of the executed Agreement and/or its counterparts shall be given the same force and effect as the original executed Agreement and/or its counterparts.

> **JANUARY 18, 2013 IS THE DEADLINE FOR YOU TO DELIVER A SIGNED COPY OF THIS AGREEMENT TO WILLIAM C. BARKER, ESQ. AT PAUL HASTINGS LLP AT 1170 PEACHTREE STREET N.E., SUITE 100, ATLANTA, GA 30309 OR CORYBARKER@PAULHASTINGS.COM.  IF YOU FAIL TO DO SO, YOU WILL NOT RECEIVE THE SPECIAL PAYMENTS OR BENEFITS DESCRIBED IN IT.**

Date: _1/11/2013_          _____
                           Nekelia Coleman

Date: _1/31/13_            _____
                           Target Corporation

LEGAL_US_W # 73826544.1

**Error! No document variable supplied.**                    *Initial*
                                                             Coleman
                                                             Company

4