## SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement") is made and entered into by and between Ian Miles ("Miles") and Target Corporation (the "Company") to settle as fully as possible all known and unknown claims.

WHEREAS, Miles is a former employee of the Company;

WHEREAS, Miles consented to join an action against the Company, *Nekelia Coleman v. Target Corporation*, Case No. 6:12CV1315-ORL-37GJK, in the United States District Court for the Middle District of Florida in August 2012 (the "Lawsuit"), alleging that the Company misclassified him as exempt from overtime under the federal Fair Labor Standards Act ("FLSA");

WHEREAS, the parties, in order to avoid the burden, uncertainty, delay and expenses of further litigation, have reached a mutually agreeable resolution of any and all of Miles's claims asserted in the action;

NOW, THEREFORE, and in consideration of the mutual covenants and promises herein contained in this Agreement, the parties hereby agree as follows:

(a) **Consideration**: Within 14 days after the Agreement has become effective pursuant to all of its terms (including Paragraphs (j) and (k)), the Company will pay a total of $29,000.00 (the "Settlement Payment"), less applicable taxes and withholdings, as consideration for this Agreement. The Settlement Payment will be allocated as follows:

(i) The Company will pay $14,500.00 to Morgan & Morgan, P.A. as attorneys' fees and costs. The Company will report this amount on IRS Form 1099 and its state and local equivalents.

(ii) The Company will pay Miles $7,250.00 in wages. The Company will report this amount on IRS Form W-2 and its state and local equivalents.

(iii) The Company will pay Miles $7,250 in liquidated damages. The Company will report this amount on IRS Form 1099 and its state and local equivalents.

(iv) As a precondition to receipt of the Settlement Payment, Miles and his counsel agree to execute W-9 forms and any other documentation necessary to process payment.

(b) **Release**: In exchange for the terms of this Agreement, Miles releases (*i.e.*, gives up) all known and unknown claims he may have against the Company, its current

*Initial*
Miles
Company

and former, direct and indirect owners, parents, subsidiaries, and all other affiliates and related entities, and their current and former partners, employees, agents, and other related parties ("Released Parties") arising from or related to allegations of having not been paid all wages owed in accordance with state or federal law and any other wage-and-hour or related claims that were or could have been alleged in the Lawsuit or that derive from the same factual predicate, to the fullest extent permitted by law, including, but not limited to, all claims of allegedly unpaid wages, including overtime wages; alleged meal and rest period violations; alleged failure to pay all wages due upon termination; alleged breach of contract or unjust enrichment; any and all related penalties; interest; liquidated damages; and attorneys' fees, costs and expenses.

(i) **Representations**: The parties hereto represent and acknowledge that, in executing this Agreement, they have not relied upon any representations that are not in this Agreement. The Company would not have agreed to pay the consideration Miles is receiving in exchange for this Agreement but for the representations and promises Miles is making by signing it. Miles has properly reported all hours that he has worked and has been paid all wages, overtime, commissions, compensation, benefits, and other amounts that the Company or any Released Party should have paid him in the past.

(c) **Reemployment**: Miles agrees not to seek re-employment with the Company or any Released Party. If any prospective employer of Milies seeks information regarding Miles' employment with the Company, they will be referred to the Work Number at (800) 996-7566 or www.theworknumber.com. The Work Number shall only provide Miles' name and dates of employment with the Company.

(d) **No Wrongdoing**: This Agreement is not an admission of wrongdoing by the Company or any other Released Party; neither it nor any drafts shall be admissible evidence of wrongdoing.

(e) **Unknown Claims**: Miles represents that he is intentionally releasing claims that he does not know that he might have and that, with hindsight, he might regret having released. Miles has not assigned or given away any of the claims he is releasing.

(f) **Effect of Void Provision**: If the Company or Miles successfully asserts that any provision in this Agreement is void, the rest of the Agreement shall remain valid and enforceable unless the other party to this Agreement elects to cancel it. If this Agreement is cancelled, Miles agrees to repay the consideration he received for signing it.

(g) **Consideration of Agreement**: Miles represents that he has carefully read this Agreement, and that he has been advised to consult with an attorney before signing this Agreement and has done so. Miles further represents that he fully understands the

**Error! No document variable supplied.**  *Initial*
Miles
Company

terms of the Agreement; that he is entering into it knowingly and voluntarily; and that all of his representations in it are true.

(h) **Court Approval of Settlement**: The parties agree to jointly seek approval of the terms of this settlement from the United States District Court for the Middle District of Florida, in which the Lawsuit is pending. Until that approval is granted or ordered, Miles will not be entitled to receive any special payments or benefits under this Agreement, and the Agreement shall not go into effect.

(i) **Dismissal of Pending Claims**: Miles agrees to request the dismissal with prejudice of the Lawsuit, and any other pending lawsuit, complaint, charge, action, compliance review, investigation, or proceeding asserting any claim that he has released, within five days of this Agreement being approved by the United States District Court for the Middle District of Florida, as described above, and this Agreement becoming effective. Until that dismissal is accepted or ordered, Miles will not be entitled to receive any special payments or benefits under this Agreement.

(j) **Tax Indemnity**: Miles agrees to indemnify the Company for all taxes, expenses, penalties, or interest charges it incurs in connection with the Settlement Payment including, but not limited to, amounts owed as a result of not paying payroll taxes on, or withholding taxes from, the Settlement Payment or otherwise. Miles agrees not to make any claim against the Company or any other person based on how the Company reports amounts or withholds taxes from the Settlement Payment, or if an adverse determination is made as to the tax treatment of the Settlement Payment. Miles agrees that the Company has no duty to defend him in any proceedings related to the tax treatment of the Settlement Payment. However, Miles will not be required to indemnify the Company if the liability is caused solely by the Company.

(k) **Applicable Law**: This agreement is governed by the laws of Florida, without regard to conflict of law principles, except to the extent preempted by Federal law.

(l) **Complete Agreement**: This Agreement constitutes the entire agreement between the parties hereto and fully supersedes any and all agreements or understandings, written or oral, between the parties hereto pertaining to the subject matter hereof. Once in effect, this Agreement is a legally admissible and binding agreement. It shall not be construed strictly for or against Miles, the Company, or any Released Party.

(m) **Amendments**: This Agreement only may be amended by a written agreement signed by both parties.

Error! No document variable supplied.

Initial
Miles  *IM*
Company  *DM*

3

(n) **Counterparts**: This Agreement may be executed in several counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument. Photocopies, PDFs, and facsimile copies of the executed Agreement and/or its counterparts shall be given the same force and effect as the original executed Agreement and/or its counterparts.

> JANUARY 18, 2013 IS THE DEADLINE FOR YOU TO DELIVER A SIGNED COPY OF THIS AGREEMENT TO WILLIAM C. BARKER, ESQ. AT PAUL HASTINGS LLP AT 1170 PEACHTREE STREET N.E., SUITE 100, ATLANTA, GA 30309 OR CORYBARKER@PAULHASTINGS.COM. IF YOU FAIL TO DO SO, YOU WILL NOT RECEIVE THE SPECIAL PAYMENTS OR BENEFITS DESCRIBED IN IT.

Date: 1/11/13

Ian Miles

Date: 2/6/13

Target Corporation

LEGAL_US_W # 73681588.2

Error! No document variable supplied.

*Initial*
Miles
Company

4