**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

NEKELIA COLEMAN,

        Plaintiff,

vs.                                        Case No. 6:12-cv-1315-Orl-37GJK

TARGET CORPORATION,

        Defendant.

**ORDER**

This cause is before the Court on the following:

1. Joint Motion to Approve Settlement and Memorandum of Law in Support of Joint Motion for Approval of Settlement (Doc. 20), filed February 8, 2013;

2. Report and Recommendation (Doc. 21), filed March 1, 2013; and

3. Joint Notice of Non-Objection Regarding Report & Recommendation Dated March 1, 2013 (Doc. 22), filed March 4, 2013.

U.S. Magistrate Judge Gregory J. Kelly recommends that the settlement agreements in the instant Fair Labor Standards Act (FLSA) case be approved and the parties' joint motion be granted. (Doc. 21.) Magistrate Judge Kelly gave particular consideration to the release provisions in the agreements, in which Plaintiff agrees to release "all known and unknown claims she may have against Defendant . . . arising from or related allegations of having not been paid all wages owed . . . and any other wage-and-hour or related claims that were or could have been alleged in the Lawsuit or that derive from the same factual predicate . . . ." (*Id.* at 2–3 (quoting settlement

agreement) (internal quotation marks omitted).)

The Court agrees with the result reached in Magistrate Judge Kelly's recommendation. However, the Court notes that *only* those wage-and-hour or related claims that arise out of the facts alleged in the instant action may be released. The release is not effective as to any wage-and-hour or related claims that Plaintiffs may have arising out of other unrelated facts or circumstances. *See Bright et al. v. Mental Health Res. Ctr., Inc.*, No. 3:10-cv-427 (M.D. Fla. Mar. 14, 2012), Doc. 34, p. 9 ("Pervasive, overly broad releases have no place in settlements of most FLSA claims."). To the extent that the Report and Recommendation suggests otherwise, the Court reiterates the view expressed in *Bright* that a general release of unknown claims in the context of an FLSA settlement, absent specific justification, is not consistent with a fair and reasonable resolution. Insofar as the Report and Recommendation may be read otherwise, it is hereby modified. *See* 28 U.S.C. § 636(b)(1) (noting that the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge"). In all other respects, it is adopted.

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1. Joint Motion to Approve Settlement and Memorandum of Law in Support of Joint Motion for Approval of Settlement (Doc. 20) is **GRANTED** to the extent that the settlement is consistent with the strictures set forth in this Order.

2. Magistrate Judge Kelly's Report and Recommendation (Doc. 21) is **MODIFIED** to reflect that the settlement agreement may not effectively release any wage-and-hour or related claims that Plaintiffs may have arising out of facts or circumstances unrelated to those in the instant

action. In all other respects, the Report and Recommendation is **ADOPTED** and **CONFIRMED** and made a part of this Order.

3. This case is **DISMISSED WITH PREJUDICE** and the Clerk is **DIRECTED** to close this case.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on March 6, 2013.

*[signature]*
ROY B. DALTON JR.
United States District Judge

Copies:

Counsel of Record

The Honorable Gregory J. Kelly